FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 23, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SILVIA ZARATE,

                              Plaintiff,

        v.

RON EFFLAND, individually, and
LISA PADILLA, individually,

                              Defendants.

No.  1:23-CV-03140-MKD

ORDER DENYING PLAINTIFF'S
MOTIONS FOR APPOINTMENT OF
PRO BONO COUNSEL AND
DISMISSING ACTION WITH
PREJUDICE

**ECF Nos. 21, 22, 23, 24**

        By Order entered January 26, 2024, the Court advised Plaintiff, who is

proceeding in this case *pro se*, of the deficiencies of her First Amended Complaint

and directed her to amend or voluntarily dismiss the Complaint within 60 days.

ECF No. 20.  Before the Court is Plaintiff's Second Amended Complaint, ECF No.

21; Second Amended Motion for Pro Bono Counsel, ECF No. 22; Third Amended

Complaint, ECF No. 23; and Third Amended Motion for Pro Bono Counsel, ECF

No. 24.  The Court has reviewed the record and is fully informed.  For the reasons

discussed herein, the Court denies Plaintiff's Motions for Appointment of Pro

Bono Counsel and dismisses the action.

ORDER- 1

## ANALYSIS

### A. Second Amended Complaint

Plaintiff filed the Second Amended Complaint on March 26, 2024, ECF No. 21, and then filed the Third Amended Complaint on March 27, 2024, ECF No. 23. The complaints contain the same causes of action; the Third Amended Complaint appears to have corrected some grammatical/spelling errors, and expanded Plaintiff's allegations. *Compare* ECF Nos. 21, 23. As the Third Amended Complaint encompasses the Second Amended Complaint, the Court finds the Third Amended Complaint is the operative Complaint and addresses it below.

### B. Plaintiff's Allegations

Plaintiff contends Defendants violated her Fourteenth and Fourth Amendment rights during a 2020 investigation into allegations of child abuse made against Plaintiff by her foster child, which resulted in Plaintiff losing her foster care license and the ability to work with children in any state or governmental agency. ECF No. 23 at 1-3, 7, 10-12. Plaintiff ultimately was able to obtain the right to renew her foster home care license and is seeking to expunge her criminal charge, to enable her to work with children again. *Id.* at 11-12.

Plaintiff is a former employee of Washington's Department of Children, Youth, and Families (DCYF). *Id.* at 12. Defendant Padilla is an investigator for

ORDER- 2

Washington state's Child Protective Services office, a division of DCYF.  *Id.* at 2.

Defendant Effland works for Washington state's Division of Licensed Resources

Child Protective Services (DLR/CPS) headquarters.  *Id.* at 3, 10.  Plaintiff also

alleges multiple DCYF staff and CPS staff were involved, who are identified only

as "State Agents 1-10."  *Id.* at 3.

Plaintiff had two foster children, Y.C. and Y.G., residing with her in 2020.
*Id.*  Plaintiff's then spouse, Mr. Zarate-Lima, and her biological child, D.Z., also

resided with her.  *Id.* at 6-7, 13.  Plaintiff contends Y.C. and Y.G. made allegations

of abuse against Plaintiff and her then-spouse in January 2020.  *Id.* at 7, 13.  She

contends Y.C. and Y.G. were removed without a court order or protective custody

order.  *Id.* at 8.

Plaintiff contends she was verbally notified of a founded disposition for

abuse against her in July 2020.  *Id.* at 10.  She received a letter confirming the

finding on August 24, 2020 and sent a letter asking for review of the finding on

August 28, 2020.  *Id.*  Plaintiff contends Defendant Padilla delayed mailing the

letter confirming the finding and her appeal rights because of "deliberate malice

intent."  *Id.* at 27.  Defendant Effland reviewed Plaintiff's letter and materials, and

stated he would not change the finding.  *Id.* at 10, 28.  Plaintiff appealed the

finding in September or October 2020.  *Id.* at 10, 28.  Plaintiff was formally

ORDER- 3

charged with "Assault 2 of a child" on October 6, 2020.  *Id.*  Plaintiff contends

Defendant Padilla called the prosecutor's office "at least 20 times to inquire

whether or not [Plaintiff] was going to be formally charged."  *Id.* at 24.  Plaintiff

was terminated from her employment in December 2020.  *Id.* at 28.

The criminal charge was dismissed on April 16, 2021, for lack of evidence.

*Id.* at 11.  Plaintiff contends the abuse finding was reversed and the denial of

Plaintiff's foster license was reversed.  *Id.*  Plaintiff contends the original denial of

her foster license "was a reprisal for Plaintiff proving the CPS investigation was

wrong."  *Id.* at 32.

Plaintiff contends Y.C. also made false allegations against the foster parent

she was placed with after Plaintiff, and Defendant Padilla intentionally withheld

this false allegation from her case notes and investigative assessment.  *Id.* at 9, 31-

32.  Plaintiff alleges Y.C. and Y.G. were placed with their father in February 2021,

and they then both confessed they had been afraid of disclosing the truth that there

was no abuse in Plaintiff's home, in fear they might be removed from their

biological father's care.  *Id.*  Plaintiff contends that despite Y.C. and Y.G.'s

confession, Defendants Padilla and Effland proceeded with the case against

Plaintiff.  *Id.*  Plaintiff alleges the evidence regarding Y.C.'s "lack of credibility"

was not shared with Plaintiff or her attorney until Amanda Cashion, the Foster

First case manager, testified to it in a December 2021 CPS appeal hearing.  *Id.*

Plaintiff contends Defendants are liable for compensatory and punitive damages for their acts and omissions that were deliberately indifferent to Plaintiff's rights, and which permanently injured Plaintiff.  *Id.* at 35.

**C. 28 U.S.C. § 1915 Review**

When an individual seeks to proceed in forma pauperis, the Court is required to review the complaint and dismiss such complaint, or portions of the complaint, if it is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2); *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981).  A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Therefore, the Court may dismiss a claim as frivolous where it is "based on an

ORDER- 5

indisputably meritless legal theory" or where the "factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim has an arguable basis in law and fact.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989), *superseded by statute on other grounds, Lopez*, 203 F.3d at 1130-31; *Franklin*, 745 F.2d at 1227.

The facts alleged in a complaint are to be taken as true and must "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Mere legal conclusions "are not entitled to the assumption of truth." *Id.*  The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

As a general rule, an amended complaint supersedes the original complaint and renders it without legal effect. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)), overruled in part by *Lacey*, 693 F.3d at 928 (any claims voluntarily dismissed are considered to be waived if not repled).

ORDER- 6

A court must dismiss the case at any time if it fails to state a claim on which relief may be granted or seeks relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Liberally construing the Third Amended Complaint in the light most favorable to Plaintiff, the Court finds that the amended complaint fails to cure the deficiencies of the Complaint and does not state a claim upon which relief may be granted.

*1. Section 1983 Claim*

Plaintiff contends Defendants violated her Fourteenth and Fourth Amendment rights. ECF No. 18 at 35-52. Section 1983 requires a claimant to prove that (1) a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1439 (9th Cir. 1991) (emphasis and brackets in the original), *abrogated in part on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994).

A complaint must set forth the specific facts upon which the plaintiff relies in claiming the liability of each defendant. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Although the standard to evaluate a motion to dismiss is liberal, particularly when the action has been filed *pro se*, a liberal interpretation of a civil rights complaint may not supply essential elements of a claim that the plaintiff initially failed to plead. *Id.* Thus, to withstand dismissal on a § 1983 claim, Plaintiff must set forth facts demonstrating how each Defendant caused or personally participated in causing a deprivation of Plaintiff's protected rights. *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "If there is no constitutional violation, the inquiry ends and the [defendant] is entitled to qualified immunity." *Ioane v. Hodges*, 939 F.3d 945, 950 (9th Cir. 2018).

a. Statute of Limitations

Plaintiff's Fourteenth Amendment claim is barred by the statute of limitations. The Court set forth an analysis of this issue in the January 2024 Order. ECF No. 20 at 6-8. Plaintiff's amended complaint does not cure the defect. Section 1983 does not contain a statute of limitations; rather, state law governs the timeliness of a Section 1983 claim. *Nance v. Ward*, 142 S. Ct. 2214, 2225 (2022). As such, a Section 1983 claim must commence within the statute of limitations for

ORDER- 8

personal injury actions in the state where the cause of action arose.  *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  In Washington, a personal injury action expires at three years.  RCW § 4.16.080(2); *see also Bagley v. CMC Real Est. Corp.*, 923 F.2d 758, 760 (9th Cir. 1991).

Whereas state law sets the outer limits of the statute of limitations, federal law determines when a statute of limitations begins to run.  *Lukovsky v. City & Cnty. of S.F.*, 535 F.3d 1044, 1048 (9th Cir. 2008).  This date is synonymous with the "accrual" of a Section 1983 claim, meaning the date "the plaintiff knows or has reason to know of the injury that is the basis of the action."  *Pouncil v. Tilton*, 704 F.3d 568, 573-74 (9th Cir. 2012).  Even if the plaintiff does not know the full extent of the injury, the cause of action accrues.  *Wallace*, 549 U.S. at 391.

Plaintiff again alleges that the events giving rise to her claims began on January 21, 2020 when the investigation into the child abuse allegations was launched against Plaintiff.  ECF No. 23 at 14.  Plaintiff was placed in an alternative assignment by her employer in January 2020.  *Id.* at 19.  Plaintiff was informed she would be charged in March 2020.  *Id.* at 24.  In April 2020, Plaintiff applied for her foster license renewal and was told the application was on hold, pending the CPS investigation.  *Id.* at 25.  Plaintiff was notified of the disposition of the child abuse investigation in July 2020 and received a letter confirming the finding in August

2020.  *Id.* at 26-27.  Plaintiff's foster license application was also denied in August 2020.  *Id.* at 27.  Defendant Effland informed Plaintiff he was upholding the disposition on September 17, 2020.  *Id.*

Plaintiff was thus aware of the CPS investigation and the criminal charges, and their impacts on her employment and foster license between January and August 2020.  However, Plaintiff did not file this claim until September 18, 2023, more than three years later.  Plaintiff presents no basis to support equitable tolling for her claims.

Plaintiff contends the state of limitation period did not begin to run until her injury on October 12, 2020, when she lost her foster care license.  *Id.* at 40.  However, all the events leading up the license non-renewal occurred by August 2020, and Plaintiff was notified of her application denial for her foster license in August 2020, as discussed *supra*.  Plaintiff contends she did not receive the formal letters until September 25, 2020, but Plaintiff already knew of the injury that is the basis for this action in August 2020.  Plaintiff did not file her Complaint with this Court until more than three years later.

Plaintiff also contends the statute of limitations should be equitably tolled.  *Id*. at 38-40.  In Washington, equitable tolling is allowed when 1) justice requires; 2) the plaintiff demonstrates their own diligence in filing; 3) plaintiff demonstrates

1  bad faith, deception, or false assurances by the defendant; and 4) the application of

2  equitable tolling is consistent with the purpose of the statute providing the cause of

3  action and the purpose of the statute of limitations.  *Fowler v. Guerin*, 200 Wash.

4  2d 110, 119 (2022) (citations omitted).

5      Here, Plaintiff contends she diligently sought to defend against the child

6  abuse allegations and Defendants' bad faith and deception interfered with

7  Plaintiff's diligent efforts by prolonging the prosecution process.  ECF No. 23 at

8  40.  However, Plaintiff contends Defendants failed to follow policies and

9  procedures at every stage of the investigation and criminal case, and Plaintiff knew

10  of her alleged injuries as of August 2020.  While Plaintiff contends Defendants

11  failed to timely disclose information, such as the foster children later recanting the

12  allegations of abuse discussed *supra*, these alleged actions did not impact

13  Plaintiff's knowledge that she had already been allegedly injured as of August

14  2020.  Plaintiff reportedly became aware of the allegedly withheld information in

15  December 2021, but still did not file an action with this Court until September

16  2023.  Plaintiff has not demonstrated that her delay in filing the claim was

17  attributable to Defendants' actions.  *See Fowler,* 200 Wash. at 122.  As Plaintiff

18  has not met her burden in demonstrating all four elements are met, the Court finds

19  equitable tolling is not appropriate in this case.  *See Millay v. Cam*, 135 Wash. 2d

20

ORDER- 11

193, 206 (1998*).*  Even if the claim was not time-barred, Plaintiff has failed to state a claim for the reasons discussed herein.

b. Fabricated evidence

Plaintiff first contends Defendants violated her rights by fabricating evidence.  ECF No. 18 at 20-21.  "To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty."  *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017) (citations omitted).  A plaintiff must first point to evidence that demonstrates the government deliberately fabricated evidence; this can be done by either 1) showing actual misrepresentations, such as deliberately falsified statements; 2) showing defendant continued their investigation of plaintiff although they knew or should have known plaintiff was innocent; or 3) showing defendant used investigative techniques that were so abusive and coercive that they knew or should have known those techniques would yield false information."  *Patterson v. Miller*, 451 F. Supp. 3d 1125, 1145 (D. Ariz. 2020), *aff'd*, No. 20-15860, 2021 WL 3743863 (9th Cir. Aug. 24, 2021).

Here, Plaintiff does not point to any evidence of actual misrepresentations, nor abusive or coercive investigative techniques.  Plaintiff alleges Defendant

ORDER- 12

Padilla "failed to properly conduct an investigation." ECF No. 23 at 36. Plaintiff

contends Defendant Padilla left information out of her report and failed to contact

collateral contacts. *Id.* These allegations mirror Plaintiff's prior allegations she

contended were *Brady* violations. *See* ECF No. 18 at 20-22. Plaintiff contends

Defendants shared "inaccurate, misleading, and incomplete" information but does

not contend that any defendant deliberately fabricated evidence. ECF No. 23 at 39.

While Plaintiff contends Defendants continued the investigation against her,

when they knew or should have known Plaintiff was innocent, Plaintiff has not

established causation. *See Spencer,* 857 F.3d at 798 (fabricated evidence does not

give rise to a claim if the plaintiff cannot establish the fabrication injured her).

Plaintiff's alleged injury is the loss of her foster license and her job. However,

Plaintiff was transferred to a different job in January 2020 and Plaintiff's foster

license renewal was denied in August 2020. ECF No. 23 at 19, 27. Plaintiff was

terminated from her employment in December 2020. *Id.* at 28. Plaintiff contends

Y.C. and Y.G. recanted in February 2021. *Id.* While Plaintiff contends

Defendants continued the investigation against her after knowing Y.C. and Y.G.

recanted, Plaintiff's alleged injuries had already occurred prior to the recanting. At

the time of Defendant Padilla's recommendation of the abuse finding, Y.C. and

Y.G. had still maintained their allegations of abuse. *Id.* at 26. Similarly, a finding

ORDER- 13

1  of probable cause of child abuse against Plaintiff occurred in September 2020,

2  prior to Y.C. and Y.G. recanting. *Id.* at 27.

3      Plaintiff contends Defendants also should have known she was innocent,

4  even before Y.C. and Y.G. recanted, because the only evidence of abuse was the

5  "Statements of an eight year old with documented behavioral issues," who later

6  made false allegations against another foster parent. *Id.* at 30.  However, Plaintiff

7  concedes "other professionals credibly testified about those statements," although

8  they were only repeating what the child told them. *Id.*  The story was also

9  corroborated by the child's sister. *Id.*  Although Plaintiff contends Defendants

10 knew or should have known she was innocent because the investigation was based

11 on Y.C.'s unreliable hearsay, Defendants at the time had statements from both

12 Y.C. and Y.G., and multiple adults who repeated the children's allegations.

13 Plaintiff has not demonstrated that Defendants knew or should have known she

14 was innocent when they continued the investigation in 2020, when the alleged

15 injuries occurred.  As such, Plaintiff has not established causation and she has

16 failed to state a deliberate fabrication of evidence claim.

17     Lastly, Defendants appear to be entitled to qualified immunity.  Child

18 protective agency's employees' actions that are prosecutorial or judicial in nature

19 warrant absolute immunity. *Meyers v. Contra Costa County Department of Social*

20

ORDER- 14

*Services*, 812 F.2d 1154 (9th Cir. 1987); *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc), *overruled on other grounds*, *Sanchez v. Mayorkas*, 141 S. Ct. 1809 (2021).  The social workers' actions that are discretionary decisions or recommendations that are not functionally similar to prosecutorial or judicial decisions are entitled to only qualified, rather than absolute, immunity.  *Miller*, 335 F.3d at 898; *Tamas v. Dep't of Soc. & Health Servs*., 630 F.3d 833, 842 (9th Cir. 2010).  Social workers are not entitled to absolute immunity from claims that they fabricated evidence or made false statements in a dependency petition affidavit that they signed under penalty of perjury.  *Costanich v. Dep't of Soc. & Health Servs*., 627 F.3d 1101, 1109 (9th Cir. 2010).

In applying the qualified immunity doctrine, the Court must consider 1) whether the facts alleged show Defendants' conduct violated a constitutional right; and 2) whether the right was clearly established.  *Id.* at 1110 (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).  As Plaintiff has not demonstrated Defendants violated a constitutional right, Defendants are entitled to qualified immunity. Plaintiff has failed to state a Fourteenth Amendment claim.

c.  Fourth Amendment

Plaintiff contends Defendants engaged in malicious prosecution.  ECF No. 23 at 41-52.  To state a Fourth Amendment malicious prosecution claim, the

ORDER- 15

plaintiff must establish: 1) a criminal prosecution was initiated or continued against the plaintiff, and the defendants made, influenced, or participated in the decision to prosecute; 2) there was no probable cause for the prosecution; 3) the proceedings were instituted or continued through malice; 4) the plaintiff suffered a deprivation of liberty apart from the initial seizure; and 5) the criminal proceedings were resolved in the plaintiff's favor. *Mills v. Barnard,* 869 F.3d 473, 480 (6th Cir. 2017); *Clark v. Baine*s, 84 P.3d 245, 911 (Wash. 2004); *Singer v. Fulton County Sheriff*, 63 F.3d 110, 116 (2d Cir. 1995); *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004).

As to the first element, Plaintiff contends a criminal prosecution was initiated against her and alleges Defendants were involved in her prosecution. ECF No. 23 at 42-43. Plaintiff contends Defendant Padilla and other DCYF agents "requested and or pushed for" the case to remain and advocated for Plaintiff to be charged. *Id.* at 42-44. Simply reporting the allegation of child abuse to the police and providing facts related to the crime is insufficient to establish involvement. *Nieves v. Cnty of Monroe*, 761 F. Supp. 2d 48, 51-52 (W.D.N.Y. 2011). Even if the Court found Defendants advocating for Plaintiff to be charged was sufficient to satisfy the first element, the remaining elements fail.

ORDER- 16

1    As to the second element, Plaintiff contends there was never probable cause,

2    ECF No. 23 at 44, however there is a rebuttable presumption that a prosecutor

3    exercises independent judgment in deciding to file criminal charges, *Awabdy*, 368

4    F.3d at 1067.  Plaintiff alleges the prosecutor's decision to charge Plaintiff was

5    based on the Defendants' faulty child abuse investigative report.  ECF No. 23 at

6    46.  However, Plaintiff contends the report was faulty because Defendants did not

7    engage in a comprehensive enough investigation.  Plaintiff does not allege there

8    was fraud, corruption, perjury, fabricated evidence, or other wrongful conduct

9    undertaken in bad faith.  *See Smiddy v. Varney,* 803 F.2d 1469, 1471 (9th Cir.

10   1986) (plaintiff failed to overcome the presumption the prosecutor exercised

11   independent judgment because he produced no evidence the prosecutor was

12   subjected to unreasonable pressure, nor that the defendants knowingly withheld

13   relevant information with the intent to harm plaintiff, nor that the defendants

14   knowingly supplied false information); *Barlow v. Ground*, 943 F.2d 1132 (9th Cir.

15   1991) (plaintiff rebutted the presumption when the prosecutor relied solely on

16   arresting officers' reports, which omitted critical information, and independent

17   witness corroborate some of plaintiff's version of events, which conflicted with the

18   officers' version).

19

20

ORDER- 17

Here, the prosecutor had statements from both Y.C. and Y.G., as well as Defendants' reports, when Plaintiff was charged.  Only when a reasonable attorney would find the action was completely without merit can a court authorize a malicious prosecution action to proceed.  *Rashidi v. Albright*, 818 F. Supp. 1354, 1359 (D. Nev. 1993), *aff'd*, 39 F.3d 1188 (9th Cir. 1994).  Although the charges were later dropped, Plaintiff has not rebutted the presumption that the prosecutor exercised independent judgment at the time of charging, despite the information Plaintiff alleges was missing from the reports.  Even if a reasonable attorney knew Y.C. and Y.G. made other false allegations against foster parents, a reasonable attorney still could have found the case had merit, given the statements of abuse from both Y.C. and Y.G., and statements from adults who reported the children's allegations.  Plaintiff's claim fails to demonstrate the second element.

As to the third element, Plaintiff contends Defendants instituted or continued the investigation with malice.  ECF No. 23 at 47.  However, Plaintiff states Officer Salinas demonstrated malice; he is not a party to this case.  *Id.*  Further, Plaintiff contends Defendants continued to pursue the abuse disposition against her even after the criminal charges were dropped.  *Id.* at 48.  However, the presence of probable cause requires the conclusion that malice is nonexistent.  *Rashidi,* 818

ORDER- 18

F.Supp. at 1360 (citing *Walsh v. Bronson*, 245 Cal.Rptr. 888, 894 (1988)).  Thus, Plaintiff's claim fails to demonstrate the third element.

As Plaintiff has not established the second nor third elements, the Court need not reach the fourth element.  Plaintiff has failed to state a malicious prosecution claim.

**D. No Further Opportunity to Amend**

Plaintiff has amended her complaint three times.  Unless it is clear that an amendment would be futile, a *pro se* litigant must be given the opportunity to amend her complaint to correct any deficiencies.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute on other grounds,* 28 U.S.C. § 1915(e)(2), *as stated in Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)*.* Plaintiff was notified in the January 2024 Order that the next amended complaint would be Plaintiff's final opportunity to amend.  ECF No. 20.  As Plaintiff has already amended her complaint multiple times and has not been able to cure the deficiencies in the complaint, the Court finds further amendments would be futile.

**E.  Pro Bono Counsel**

Plaintiff filed a Second Amended Motion for Appointment of Pro Bono Counsel, ECF No. 22, and a Third Amended Motion for Appointment of Pro Bono Counsel, ECF No. 24.  The two motions appear to be nearly identical, with the

third motion correcting spelling errors and adding information about a FOIA request.  As such, the Court addresses the motions together.

This Court can designate counsel under 28 U.S.C. §1915(e)(1) only under exceptional circumstances.  *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).  Determining whether exceptional circumstances exist requires evaluating "the likelihood of success on the merits" and Plaintiff's ability "to articulate his claims pro se in light of the complexity of the legal issues involved."  *Id.* (citation omitted).

For the reasons discussed *supra*, Plaintiff has articulated the challenges she has faced with Defendants, however, Plaintiff has not demonstrated that Defendants actions rise to the level of a constitutional violation.  Plaintiff has failed to state a claim after multiple amendments, and the Court finds that Plaintiff is unlikely to succeed on the merits of the case even if pro bono counsel was appointed to assist Plaintiff with the claim.  As such, Plaintiff's motions for appointment of pro bono counsel are denied.

Accordingly, **IT IS HEREBY ORDERED**.

1.  Plaintiff's Motions for Appointment of Pro Bono Counsel, **ECF Nos. 22, 24,** are **DENIED.**

ORDER- 20

2.  This action is **DISMISSED with prejudice.**

3.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order, **enter judgment**, provide copies to *pro se* Plaintiff and counsel, and **CLOSE** the file.

DATED April 23, 2024.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER- 21